MEASSICK, Appellee,

v.

MEASSICK, Appellant.

[Cite as *Meassick v. Meassick*, 171 Ohio App.3d 492, 2006-Ohio-6245.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 06 MA 34.

Decided Nov. 20, 2006.

Louis Katz, for appellee.

James Messenger and Jerry Bryan, for appellant.

---

VUKOVICH, Judge.

{¶ 1} Appellant, Mark Meassick, appeals the decision of the Mahoning County Domestic Relations Court that automatically awarded appellee, Paula Meassick, the tax-dependency exemptions for the parties' two children at a child-support-modification hearing. The trial court's decision rejected the magistrate's recommendation to set for hearing appellee's posthearing request for the dependency exemption. The trial court found that appellant had his chance but failed to meet his burden of presenting evidence on the tax issue at the child-support-modification hearing, even though the parties' prior agreement awarded the exemptions to him, and he was not notified that the prior agreement on this issue was in dispute until appellee's closing arguments. The issue before this court is whether appellant had the burden to submit evidence regarding the tax exemptions at the hearing on modification of his child-support obligation or whether he was entitled to a continued hearing on the matter under the facts of this case. For the following reasons, the judgment of the trial court is reversed, and this cause is remanded for the requested hearing on the dependency exemptions.

STATEMENT OF THE CASE

{¶ 2} On October 7, 2004, the court entered a decree dissolving the parties' marriage and adopting their separation agreement. Appellee was named the residential parent. Article 4 of the journalized agreement set the amount of child support due from appellant as $432 per month per child, allocated the medical obligations, and granted appellant the right to claim the children as dependents for income-tax purposes. Appellee was attending school and not required to work for purposes of child-support computations.

{¶ 3} In July 2005, the parties filed competing motions for modification of child support. Appellee sought an increase in child support while appellant sought a reduction. Appellant lost his job and was temporarily unemployed. Appellee was still attending school and remained unemployed.

{¶ 4} On August 24, 2005, the magistrate overruled appellee's motion to increase child support. Then, the magistrate sustained appellant's motion to modify his child-support obligation. In doing so, the magistrate decreased appellant's child-support obligation to the minimum amount of $50 per month. The magistrate also entered a "seek work" order and scheduled a hearing on appellant's efforts at obtaining employment. The magistrate granted appellant the right to continue to claim the children as dependents so long as he remained current in his support obligation. No objections were entered, and the trial court adopted the decision in a September 13, 2005 entry.

{¶ 5} At the next hearing, the magistrate rescheduled the matter and continued the minimum support order because although appellant had secured new employment, various discovery issues were presented on his expected salary and on appellee's attempts to secure employment. The magistrate reiterated that appellant could continue to claim the children as dependents as long as he remained current. No objections were filed, and the court adopted the decision in a November 7, 2005 entry.

{¶ 6} On November 29, 2005, the magistrate held the final hearing. In a December 13, 2005 decision, the magistrate estimated that appellant's income would be just over $16,000 per year as a car salesman. Thus, his child-support obligation was set at $65 per month per child for the time being.

{¶ 7} The magistrate noted that at the conclusion of the hearing, appellee asked that she be granted the right to claim the children as dependents because appellant had failed to produce the statutory evidence required in order to grant the exemption to the nonresidential parent. The magistrate noted the relevant law and agreed that appellant did not present evidence on the statutory criteria. However, the magistrate set the issue for hearing in January 2006 so appellant could submit evidence on the matter.

{¶ 8} Appellee filed objections to the magistrate's decision, arguing that the magistrate improperly set the issue of the tax exemptions for hearing. She urged that she should have been automatically awarded the exemptions because appellant failed to meet his burden of presenting evidence to show that it would be in the children's best interests for the nonresidential parent to receive the right to claim the children. She concluded that setting the matter for hearing gave appellant a "second bite at the apple."

{¶ 9} Appellant responded that the tax exemptions were never an issue until appellee raised it in closing arguments. He noted that he had received the exemptions under the parties' separation agreement and in two subsequent court decisions that were never contested. He contended that he had no burden to present evidence until appellee decided that she now wanted to claim the children, noting that she had no income besides spousal support. Appellant concluded that the magistrate properly set the matter for hearing upon appellee's first voiced request to change the previously agreed-upon allocation of the exemptions.

{¶ 10} On January 9, 2006, the trial court held a hearing on the objections where the parties advised the court that the issue was purely one of law. On January 30, 2006, the trial court sustained appellee's objections and overruled the magistrate's decision. The court determined that appellant had failed to meet his burden to submit evidence at the November 29, 2005 magistrate's hearing to overcome the presumption in favor of granting the residential parent the right to claim the children. Thus, the court awarded the tax-dependency exemptions to appellee as the residential parent. Appellant filed timely notice of appeal.

{¶ 11} In preparing the record for this court, appellant submitted the transcripts of the November 29, 2005 magistrate's hearing and the January 9, 2006 trial court's hearing on the objections. We can view the transcript of the objections hearing held before the trial court. However, because the transcript of the magistrate's hearing had not been submitted to the trial court for use in ruling on the objections, we cannot view that transcript. *Petty v. Equitable Prod. & E. States Oil & Gas, Inc.,* 7th Dist. No. 05MA80, 2006-Ohio-887, 2006 WL 459267, ¶ 19, 22. Regardless, as the trial court was advised, the issue presented was a legal one, not a factual one. Likewise, the issue presented in this appeal is also legal, and thus, the transcript of the magistrate's hearing would add nothing pertinent. See id. at ¶ 24. If the transcript was submitted merely to establish that appellee did not raise the exemption issue until closing arguments, then we point out that this uncontested fact is contained in the magistrate's decision. Thus, we acknowledge that chronology.

## GENERAL DEPENDENCY–EXEMPTION LAW

{¶ 12} The relevant statute provides:

{¶ 13} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C. 1, as amended. *If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree,* the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. *In cases in which the parties do not agree* which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children." (Emphasis added.) R.C. 3119.82.

{¶ 14} We have stated that domestic relations decisions are reviewed for abuse of the trial court's discretion, including decisions involving the allocation of the federal tax-dependency exemption. *In re Criner* (Aug. 27, 2001), 7th Dist. No. 99BA57, 2001 WL 1004243. That holding, however, involves cases where we are reviewing the factual decision regarding which parent is entitled to the exemption after considering the evidence presented on the statutory factors. See id. A decision on whether the nonresidential parent has the burden, at a hearing on his request to decrease child support, to present evidence in order to maintain his previously agreed-upon right to claim the children is a question of law. Either way, there was reversible error here.

{¶ 15} We have explained that there is a presumption in favor of granting the dependency exemption to the residential parent. Id., citing *Hughes v. Hughes* (1988), 35 Ohio St.3d 165, 167, 518 N.E.2d 1213. We have also concluded that the burden is on the nonresidential parent to produce competent and credible evidence to show that allocating the dependency exemption to the nonresidential parent would be in the best interests of the child. *Criner,* 7th Dist. No. 99BA57, 2001 WL 1004243.

{¶ 16} Appellee relied on *Criner* in her objections and on appeal. Appellee also cites a case stating that the court need not sua sponte direct the parties to present evidence on the tax issue and that if the evidence shows only disparate incomes and does not establish the parties' current exemptions, tax rates, and other information, then the presumption in favor of the residential parent controls. *Hurte v. Hurte,* 164 Ohio App.3d 446, 2005-Ohio-5967, 842 N.E.2d 1058, at ¶ 32–33.

{¶ 17} Appellant does not dispute the general holdings in those cases, just their application herein. For instance, the *Hurte* case involved an original order of child support, rather than a modification of child support with a prior agreement on the exemption issue. Appellant acknowledges his burden but concludes that it does not arise when a prior agreement allocated the exemptions to him and when the issue was not specifically raised before the child-support-modification hearing.

## ASSIGNMENTS OF ERROR

{¶ 18} Appellant sets forth the following three interrelated arguments:

{¶ 19} "The trial court abused its discretion in applying the dependency tax exemption presumption of R.C. 3119.82 against appellant because of the parties' prior agreement granting the exemption to appellant."

{¶ 20} "The trial court abused its discretion by placing on appellant the burden of production of evidence on an issue which appellee wanted reversed."

{¶ 21} "The trial court abused its discretion and denied appellant due process of law by refusing to take evidence on the newly-contested issue of the dependency tax exemption."

{¶ 22} As to the latter assignment, appellant contends that he was deprived of his due process rights to notice and an opportunity to be heard because he was advised that the scheduled hearing pertained only to his motion to decrease child support. In his second assignment, appellant urges that the burden should have been on appellee, since she is the one who sought to change a prior designation. But, see, *Criner,* 7th Dist. No. 99BA57, 2001 WL 1004243 (where we did not limit the holding that the burden is on the nonresidential parent to cases where that parent is the one requesting a change). In both his first and second assignments, appellant states that the requirement in R.C. 3119.82 of "designation" of the exemption recipient in each child-support order does not generally equate with a requirement of relitigation of the exemption issue each time a request for modification of child support is heard.

{¶ 23} More to the crux of the issue for our purposes, appellant then urges that there was no reason for him to present evidence at the child-support-modification hearing on an issue that was not in contest. Appellant directs our attention to

the portion of the statute addressing the situation where the parties agree on which parent shall receive the designation. He also points out the journalized separation agreement giving him the exemptions and two subsequent uncontested orders granting him the right to claim the children as dependents. He notes that appellee did not ask to be awarded the right to claim the children until the evidentiary portion of the hearing was complete and the attorneys were presenting closing arguments. Appellant concludes that it is a waste of judicial and personal resources to require testimony (usually by experts) and the presentation of evidence on the tax issue at every child-support-modification hearing even where no one raised the tax issue and there was a prior agreement on the allocation of exemptions.

{¶ 24} As to appellant's arguments that the party seeking change should bear the burden or that due process was violated, appellee notes that appellant waived these defenses because he failed to specifically raise them in his response to her objections before the trial court. Also as to the argument that the party seeking change should bear the burden, appellee points out that our *Criner* case placed the burden on the nonresidential parent without limiting that holding to cases where the nonresidential parent is the one seeking to change the designation. Additionally, the statute does not make a distinction between the court's duty in making an initial child support order and a modified order, and it mentions nothing about a burden shifting depending upon who had the prior designation.

{¶ 25} As to the remaining arguments, appellee urges that the statute requires the court to revisit the merits of the tax issue every time it modifies child support. She continues that since the presumption is in her favor and since appellant failed to submit evidence on the issue, the court properly awarded her the exemptions and properly refused to give appellant a second chance to present evidence on the issue. Regarding the parties' prior agreement, she presumes that the agreement mentioned in the statute must occur at each new child-support-modification hearing and that the nonresidential parent cannot rely on a prior agreement on the matter of exemptions even where the residential parent fails to place the matter in dispute prior to the hearing.

## ANALYSIS

{¶ 26} The statute requires the court to designate which parent will receive the exemption every time it issues, modifies, reviews, or reconsiders a child-support order. The statute specifically requires designation of the residential parent if evidence has not been presented on the statutory criteria required to make a best-interests determination. The statute makes no distinction between the court's duty upon entering an initial order and its duty upon entering a modified order. Thus, the duty is the same at both stages. However, the

presumption in favor of the residential parent and the accompanying burden on the nonresidential parent to develop the statutory factors through evidence do not arise where the parties agree. More specifically, the court need only apply the presumption for appellee if "the parties do not agree."

{¶ 27} Here, there was no indication to the trial court that the parties did not agree until closing arguments. Cf. *Criner*, 7th Dist. No. 99BA57, 2001 WL 1004243 (where the nonresidential parent specifically filed a motion requesting the exemption designation be changed from the residential parent to himself). In fact, there was a prior agreement between the parties clearly granting the exemptions to appellant as the nonresidential parent. Yet, when appellee sought to increase her child-support award, she did not seek reallocation of the exemptions. And when appellant sought to decrease his child-support obligation, appellee's response did not refer to a revocation of her prior agreement on the exemptions.

{¶ 28} Due to appellee's failure to seek modification of the award of exemptions prior to the hearing, there was no reason for appellant to believe that he was required to present evidence on the statutory factors for awarding the exemptions to a nonresidential parent. In fact, appellant was granted the right to the exemptions in two prior magistrate decisions to which appellee did not object. Although these were interim orders and further hearings were scheduled, they are telling of the parties' and the court's reliance on the prior agreement regarding the exemptions.

{¶ 29} Appellee cites a case that involved allocation of the obligation for extraordinary medical expenses. See *Davenport v. Davenport*, 7th Dist. No. 02BE47, 2003-Ohio-4877, 2003 WL 22119565. First, that case involved an original decree, not a modification. Second, that case did not involve a prior agreement between the parties. See, also, *Gregory v. Kottman–Gregory*, 12th Dist. Nos. CA2004–11–039 and CA2004–11–041, 2005-Ohio-6558, 2005 WL 3359162 (which is also distinguishable as it was an original decree and did not involve a modification or a prior agreement on the exemption). Third, appellee's claim that the court can change the parties' insurance obligation without requiring notice of a disagreement is not a valid comparison. Here, R.C. 3119.82 requires the court to act in favor of the residential parent only if the parties do not agree or the nonresidential parent fails to convince the court with his evidence. However, there is no comparable statute in the medical-expenses arena. Rather, those statutes merely state that each order shall address the issue (without any references to burdens, presumptions or agreements). See, e.g., R.C. 3109.05(A)(2); 3119.05(F).

{¶ 30} Appellee also cites *Esber v. Esber* (1989), 63 Ohio App.3d 394, 399, 579 N.E.2d 222, where the Ninth District merely held that the exemption was not

forever set in stone as part of a property division award but was more a matter concerning the duty to support and thus subject to modification. However, the general fact that the trial court retains jurisdiction to modify the dependency-exemption allocation does not mean that it automatically requires relitigation of the allocation when there is prior agreement and when there is no indication that this aspect of the prior agreement is now disputed.

## CONCLUSION

{¶ 31} Before the statutory burden fell upon appellant to defend the allocation of the exemptions to him as the nonresidential parent, there had to be a trigger making the court aware that the parties did not agree on the current allocation. Any dispute as to the previously agreed-upon allocation was not made evident to the court or to the nonresidential parent until after the evidentiary portion of the child-support hearing had been closed. Because the court was not made aware of a disagreement until after the hearing, it was not proper to automatically award the exemptions to the residential parent under the circumstances of this case, including the fact that a prior agreement granted the exemptions to the nonresidential parent. Such a decision is contrary to law; it is also unreasonable and unconscionable under the facts presented in this case.

{¶ 32} We conclude that when parties have a separation agreement allocating the exemptions to the nonresidential parent, the burden and requirements of R.C. 3119.82 are not activated until the court is informed that there is no longer agreement concerning the allocation of the exemptions.

{¶ 33} For the foregoing reasons, the judgment of the trial court is hereby reversed, and this cause is remanded for the requested hearing on the dependency exemptions.

Judgment reversed
and cause remanded.

WAITE and DeGENARO, JJ., concur.