OPINION
{¶ 1} Defendant-appellant, Todd C. Sunday ("Todd"), appeals from the November 13, 2007 decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, which overruled in part and sustained in part Todd's objections to a magistrate's decision, found Todd in contempt of an October 29, 2003 magistrate's order, ordered Todd to pay $1,180.50 in order to purge the contempt, ordered Todd to pay specified amounts in child support, and ordered *Page 2 
Todd to pay to plaintiff-appellee, Julie A. Sunday ("Julie"), the sum of $9,000 for attorney fees. For the following reasons, we affirm.
 {¶ 2} Todd and Julie were divorced on July 11, 2001. The parties' Shared Parenting Decree required Todd to pay child support in the amount of $938.28 per month for support of their child, effective April 1, 2001.
 {¶ 3} On July 31, 2002, the Franklin County Child Support Enforcement Agency ("FCCSEA") conducted a review of the court's support order and recommended that the child support be modified to $466.95 per month, effective August 1, 2002. Upon Julie's request, an administrative modification hearing was held in December 2002. Following this hearing, the FCCSEA hearing officer recommended that the child support be modified to $578.61 per month, effective August 1, 2002.
 {¶ 4} Julie timely requested a court review of the administrative hearing. The trial court initially scheduled that review hearing for July 1, 2003. The hearing was subsequently continued several times.
 {¶ 5} On August 13, 2003, Julie filed a motion to compel discovery. A magistrate granted Julie's motion on October 29, 2003, and ordered Todd to pay Julie $1,215.50 for attorney fees. On December 28, 2004, Julie filed a motion for contempt and fees for Todd's failure to comply with the discovery order. Todd also filed a motion to compel, but subsequently withdrew the motion. Other delays not relevant to this appeal also occurred in the proceedings.
 {¶ 6} The review hearing ultimately commenced before a magistrate of the trial court on July 29, 2005, and concluded on February 9, 2006. The magistrate ordered Todd to pay child support in the following amounts: $797.67 per month, effective *Page 3 
August 1, 2002 to July 31, 2005; $722 per month, effective August 1, 2005 and ongoing. The magistrate found Todd in contempt of the October 29, 2003 order and ordered Todd to pay an additional $1,000 in attorney fees to Julie. Finally, the magistrate determined that an additional general award of attorney fees to Julie was equitable under R.C. 3105.73(F). The magistrate ordered Todd to pay the full cost of Julie's attorney fees within 90 days of submission of the billing statements to his counsel.
 {¶ 7} Todd filed objections to the magistrate's decision. Important for our purposes, the trial court rejected Todd's argument that the court lacked jurisdiction to make a general award of attorney fees and that Todd had adequate notice of Julie's request for attorney fees. Although the court found that the magistrate erred in awarding fees without sufficient evidence or findings, the court ordered Todd to pay Julie $9,000 for attorney fees, in addition to the $1,000 the magistrate ordered him to pay. The trial court also rejected Todd's argument that the magistrate should have allowed testimony regarding Todd's request for a reallocation of parenting time.
 {¶ 8} In this appeal, Todd raises the following assignments of error:
 Assignment of Error No. 1: The Trial Court erred when it ordered attorney fees for time periods occurring after the Administrative Hearing of August 7, 2003 [without] the filing of a Motion pursuant to Ohio Civil Rule 75(J). These matters were beyond the scope of the Administrative Hearing of December 16, 2002 pursuant to Sections 3119.63, 3119.66 and 3119.70 of the Ohio Revised Code.
 Assignment of Error No. 2: The Trial Court erred when it refused to hear evidence regarding a change of parenting time if no motion is required to invoke the jurisdiction of the Court.
 {¶ 9} By his first assignment of error, Todd asserts that the trial court had no authority to award attorney fees incurred after the initial administrative hearing because *Page 4 
Julie did not file an appropriate motion under Civ. R. 75(J). Todd asserts further that the court lacked authority to award fees because the proceedings were limited to matters at issue in the original administrative hearing. To clarify, Todd does not challenge the court's attorney fee award based on the contempt charge. Nor does Todd challenge the specific amount of the $9,000 attorney fee. Rather, his arguments are limited to the court's authority to make a general attorney fee award. To address those arguments, we turn to the relevant statutes as they apply here.
 {¶ 10} The trial court issued orders in July 2001, which incorporated the shared parenting decree's requirement that Todd pay child support. R.C. 3119.63 requires a child support enforcement agency to review a court child support order. FCCSEA did so here in July 2002. As part of the review, R.C. 3119.63 requires the agency to calculate a revised amount of child support to be paid and to give specific notices to the parties, as FCCSEA did here. R.C. 3119.63(E) allows an obligor or obligee to request an administrative hearing on the revised child support amount and requires the agency to conduct the hearing, if requested, and to redetermine a revised child support amount. Here, Julie requested a hearing, which the agency conducted in December 2002, and the agency issued a revised child support amount.
 {¶ 11} R.C. 3119.63(E) also requires the agency to give notice that an obligor or obligee may request a court hearing on the revised child support amount resulting from the administrative hearing. Following the receipt of such a request, R.C. 3119.64 requires the court to "conduct a hearing in accordance with" R.C. 3119.66. R.C. 3119.66, in turn, requires the court to "conduct a hearing to determine whether the revised amount of child support is the appropriate amount and whether the amount of *Page 5 
child support being paid under the court child support order should be revised." Here, Julie requested a court hearing, which the trial court conducted, first before a magistrate and then upon objections.
 {¶ 12} Finally, pursuant to R.C. 3119.70, if a court conducts a hearing pursuant to R.C. 3119.66 and determines that the revised child support amount is appropriate, the court must issue a revised court child support order requiring the obligor to pay the revised amount. But, if the court finds that the revised child support amount is not appropriate, then the court must "determine the appropriate child support amount and, if necessary, issue a revised court child support order requiring the obligor to pay the child support amount determined by the court." Here, the trial court determined that the revised child support amount was not appropriate, determined the appropriate child support amount, and issued a revised court order requiring Todd to pay that amount. The trial court also ordered Todd to pay a general attorney fee award of $9,000, an award Todd argues is beyond the court's authority under these provisions.
 {¶ 13} As an initial matter, we clarify that the question before us is not one of subject-matter jurisdiction, as the trial court undoubtedly had jurisdiction over the parties' divorce proceedings. Rather, the question concerns invocation of the trial court's continuing jurisdiction over the terms of its July 2001 order and the scope of the hearing that follows.
 {¶ 14} Todd argues that the parties may only invoke the court's continuing jurisdiction, pursuant to Civ. R. 75(J), which requires that a motion be filed and served. Because Julie did not file a motion for attorney fees under Civ. R. 75(J), Todd argues, the court's jurisdiction to award fees was not invoked. We disagree. *Page 6 
 {¶ 15} Civ. R. 75(J) provides:
 (J) Continuing Jurisdiction
 The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6. When the continuing jurisdiction of the court is invoked pursuant to this division, the discovery procedures set forth in Civ. R. 26 to 37 shall apply.
To be sure, Civ. R. 75(J) allowed Todd or Julie to invoke the continuing jurisdiction of the trial court to review the child support amount contained within the July 2001 divorce decree or to seek any other relief. This method of invoking continuing jurisdiction does not, however, preclude an obligor or obligee from obtaining relief during the statutory administrative review process, which also invokes the court's continuing jurisdiction.
 {¶ 16} As we noted previously, the statutory process includes an opportunity for a hearing before the trial court. Todd argues that this hearing may only relate to matters that were before the administrative agency and that the record must be limited to those matters, just as any other appeal would be. We find nothing in the applicable statutes to limit the court's authority in this respect. Accord Willier v.Willier, Mercer App. No. 10-07-20, 2008-Ohio-740, ¶ 15 (where no hearing had been requested following a child support agency's revision of a court support order, concluding that "nothing in R.C. 3119.65 limits the inherent authority of the common pleas court to address additional matters beyond the amount of support when the court enters its final judgment modifying an order of child support").
 {¶ 17} In fact, R.C. 3119.66 requires the court, upon request, to conduct a hearing not only to determine whether the agency's revised child support amount is appropriate, but also to determine "whether the amount of child support being paid *Page 7 
under the court child support order should be revised." Thus, R.C. 3119.66 expressly authorizes the court to go beyond the administrative findings and record.
 {¶ 18} Notwithstanding this authority to address the issue of attorney fees, we agree with the trial court that parties must have notice of the disputed issues and an opportunity to be heard. Accord Meassick v.Meassick, 171 Ohio App.3d 492, 2006-Ohio-6245 (requiring that notice must be given before tax exemption allocation may be changed). Here, at the outset of the hearing, counsel discussed the issue of attorney fees with the magistrate. Todd's counsel did not object to the court's consideration of attorney fees. As the trial court indicated, Todd's counsel even conceded that the court had jurisdiction to consider fees. At oral argument before this court, Todd's counsel explained that, having come into the litigation late in the proceedings, he conceded jurisdiction only because he believed Julie had filed a motion for attorney fees. Once he learned that Julie had not filed a motion for attorney fees, counsel entered an objection. Nevertheless, our concern here is with the parties' notice of the issue and their opportunity to be heard. This record leaves no doubt that Todd and his counsel had notice that Julie's attorney fees were at issue, they were prepared to address the issue, and they did address the issue before the magistrate and the trial court. We have discerned no surprise or prejudice to Todd, nor does he argue that there was any. Under these circumstances, we cannot conclude that the trial court erred in addressing the issue.
 {¶ 19} Nor do we find error in the trial court's inclusion of a general award of attorney fees in its order modifying the court support order. R.C. 3123.17(B) states: "When a court issues or modifies a court support order, the court may include in the *Page 8 
support order a statement ordering either party to pay the costs of the action, including, but not limited to, attorney's fees." Here, pursuant to R.C. 3119.70, the trial court modified a court support order, that is, the July 2001 divorce decree, which incorporated the April 2001 shared parenting decree. Therefore, pursuant to R.C. 3123.17(B), the court had authority to include in that order a statement ordering Todd to pay the costs of the action, including Julie's attorney fees. Accordingly, we overrule Todd's first assignment of error.
 {¶ 20} By his second assignment of error, Todd takes issue with the trial court's refusal to hear evidence regarding a change to the visitation schedule, but he ultimately "agrees with the Court as to the lack of the Court's jurisdiction to modify parenting time, but for different reasons." In essence, he argues that, if the trial court had authority to award attorney fees without a motion, then the trial court had authority to modify visitation without a motion. But because the trial court did not, in his view, have authority to award attorney fees, the trial court did not have authority to modify visitation. We reject Todd's reasoning.
 {¶ 21} As we stated previously, the court had continuing jurisdiction over the terms of the parties' divorce and shared parenting decree, including the visitation schedule. Todd filed a motion to change the schedule, but withdrew the motion prior to trial. Todd did not raise the visitation issue again until the fourth day of trial, when consideration of the issue would have been prejudicial to Julie. As the trial court noted, Todd may request a change to the visitation schedule. He must do so, however, in a manner that provides notice to Julie and an opportunity for her to respond. The court *Page 9 
did not err in rejecting Todd's attempt to raise it without prior notice. Therefore, we overrule Todd's second assignment of error.
 {¶ 22} In conclusion, we overrule Todd's first and second assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
KLATT, J., concurs. SADLER, J., concurs separately.