[Cite as *Boyer v. Hacker*, 2014-Ohio-760.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| NATASHA BOYER, | : | |
| | | CASE NO. CA2013-08-009 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 3/3/2014 |
| - vs - | : | |
| | : | |
| THOMAS HACKER, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20044171


Natasha Boyer, 1941 Pine Knot Drive, Williamsburg, Ohio 45176, plaintiff-appellee, pro se

Cecelia J. Potts, 750 South High Street, P.O. Box 474, Mt. Orab, Ohio 45154, for defendant-appellant


**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Thomas Hacker, appeals from the decision of the Brown County Court of Common Pleas, Juvenile Division, awarding plaintiff-appellee, Natasha Boyer, the right to claim the tax exemption status for both of their two minor children.  For the reasons outlined below, we affirm.

{¶ 2}   Hacker and Boyer are the parents of two minor children ages seven and nine,

respectively. It is undisputed that Boyer is designated as the residential parent for both children. It is also undisputed that Boyer has always claimed the tax exemption for both of the children for purposes of filing her taxes. Hacker and Boyer never married.

{¶ 3} On December 12, 2012, Hacker filed a motion requesting permission to claim at least one of the children on his individual tax return. The motion also requested the trial court to establish a visitation schedule. A hearing was subsequently scheduled on the matter. Prior to the hearing, however, the parties entered into an agreed guideline visitation schedule that included some flexibility due to Hacker's out-of-town work schedule. As a result of this agreement, the trial court limited the upcoming hearing to issues regarding the allocation of the tax exemptions. At the hearing, the trial court heard testimony from both Boyer and Hacker.

{¶ 4} Following the hearing, the trial court determined it was in the best interest of the children for Boyer to continue claiming the tax exemptions for both children. In so holding, the trial court found Hacker had $15,000 federal tax lien against him, and that he had a "small arrearage" on his child support obligations. The trial court also found that Boyer testified that having the tax exemptions remain with her was in the best interest of the children, whereas Hacker did not give any testimony regarding the best interest of the children, nor did he provide any evidence to contradict Boyer's testimony in any way.

{¶ 5} Hacker now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 6} THE COURT FAILED TO TAKE INTO CONSIDERATION ALL FACTORS OF O.R.C. §3119.82 AS IT RELATES TO THE BEST INTEREST OF THE CHILDREN.

{¶ 7} In his single assignment of error, Hacker argues the trial court abused its discretion by awarding Boyer the tax exemptions for both of their two minor children. We disagree.

{¶ 8} This court reviews a trial court's decision allocating tax exemptions for dependents under an abuse of discretion standard. *Rainey v. Rainey*, 12th Dist. Clermont No. CA2012-10-083, 2011-Ohio-4343, ¶ 38. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Pentzer v. Thomas*, 12th Dist. Fayette No. CA99-09-026, 2000 WL 190019, * 1 (Feb. 14, 2000); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Such discretion, however, is both guided and limited by the statutory requirements of R.C. 3119.82. *Pahls v. Pahls*, 12th Dist. Butler No. CA2009-01-005, 2009-Ohio-6923, ¶ 21.

{¶ 9} The Internal Revenue Code creates a presumption in favor of awarding the tax exemption to the residential parent. *Burns v. May*, 133 Ohio App.3d 351, 356 (12th Dist.1999). However, pursuant to R.C. 3119.82, "a court may grant the non-residential parent the tax exemption for federal income purposes, if the court determines that this furthers the best interest of the children and the payments for child support are substantially current as ordered by the court for the year in which the child will be claimed as a dependent." *Ornelas v. Ornelas*, 12th Dist. Warren No. CA2011-08-094, 2012-Ohio-4106, ¶ 53.

{¶ 10} If there is a disagreement as to which parent should claim a child as a dependent, such as the case here, "the burden is on the nonresidential parent to produce competent and credible evidence to show that allocating the dependency exemption to the nonresidential parent would be in the best interests of the child." *Id.*, citing *Meassick v. Meassick*, 171 Ohio App.3d 492, 2006-Ohio-6245, ¶ 15 (7th Dist.). In making such a determination, the court shall consider the following factors: (1) any net tax savings, (2) the relative financial circumstances and needs of the parents and child, (3) the amount of time the child spends with each parent, (4) the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and (5) any other relevant factor

- 3 -

concerning the best interest of the child. *In re A.E.G-D.*, 12th Dist. Clermont No. CA2011-04-031, 2012-Ohio-547, ¶ 7.

{¶ 11} In this case, Hacker claims the trial court erred by not awarding him with at least one of the tax exemptions from their two children because it failed to take into consideration his alleged net tax savings. According to Hacker, had the trial court taken this into consideration, it would have awarded him with at least one of the two tax exemptions as such an award would have allowed him to pay off his tax lien and become current on his child support obligations, thereby freeing up funds to use on the children during their visitation time.

{¶ 12} Initially, we note that the trial court was provided with both parties' tax returns from the years 2011 and 2012. By procuring both parties' tax returns, the trial court was able to calculate the net tax savings, if any, for both Hacker and Boyer. Hacker has provided absolutely no evidence indicating the trial court failed to go through this analysis in determining it was in the children's best interest for the tax exemptions to remain with Boyer. In fact, the trial court specifically found that, based on Hacker's trial counsel's allegations, Hacker would actually "derive a great tax benefit from the exemptions." The trial court made this finding despite Hacker's own testimony that he "had no idea" what the net tax savings would be for him if he was to claim one or both of the children.

{¶ 13} Moreover, while it may be true that Hacker would have had more spending money for the children during their limited visitation time if he had been awarded at least one of the tax exemptions, this falls well short of his burden as the nonresidential parent to show how such an allocation was in the best interest of the children. This is particularly true given the vast difference in income between the parties, as well as Boyer's explicit testimony indicating she relies heavily on her tax refund to support their two children throughout the

year.[1] For instance, when asked if the children would be impacted if she did not receive the benefit of the tax exemptions, Boyer explicitly testified that they would. As Boyer testified: "Absolutely. There would be things in which I wouldn't be able to provide to them that I do today if in fact it was to be reduced, or I wasn't able to claim them." Again, besides making a vague allegation that he would have more spending money during their limited visitation time, Hacker did not provide any testimony to contradict Boyer's claims.

{¶ 14} Hacker's testimony, as well as his appellate brief submitted to this court, merely reference benefits that would directly impact him, i.e., paying off his federal tax lien and becoming current on his child support obligations. Hacker, however, did not provide any support for his contention that this somehow entitles him to receive either of the disputed tax exemptions, nor has our research uncovered anything that would support such a claim. Rather, we discovered case law indicating quite the opposite to be true. *See Corwin v. Corwin*, 12th Dist. Warren Nos. CA2013-01-005, CA2013-02-012, 2013-Ohio-3996, ¶ 94 (finding no support for wife's contention that she should be allocated a tax exemption merely because it would benefit her).

{¶ 15} As stated previously, as the nonresidential parent, Hacker was required to show that allocating the tax exemptions would be in the best interest of the children, not to his own benefit. Hacker failed to do so here. Furthermore, while Hacker may very well receive a greater tax benefit if granted the tax exemptions, "this fact alone does not result in an abuse of discretion by the trial court." *Ornelas*, 2012-Ohio-4106 at ¶ 55. The record here clearly supports the trial court's decision. Therefore, we find the trial court did not abuse its discretion in finding Boyer was entitled to receive the tax exemptions for both of their two minor children. Accordingly, Hacker's single assignment of error is overruled.

---

1. After making approximately $74,000 in 2012, Hacker testified that his expected income for 2013 would be approximately $100,000, whereas Boyer's testimony revealed her income to be approximately $42,000 in 2011

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

---

and $44,000 in 2012.  Boyer did not provide any testimony regarding her anticipated income for 2013.