[Cite as *Hendrickson v. Parrett*, 2014-Ohio-3997.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CASSANDRA HENDRICKSON, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-01-010 |
| | : | O P I N I O N |
| - vs - | | 9/15/2014 |
| | : | |
| DUSTIN PARRETT, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS 2012-0763


Gena L. Prall, 10 Journal Square, Suite 400, Hamilton, Ohio 45011, for plaintiff-appellee

Bradley M. Kraemer, 4841A Rialto Road, West Chester, Ohio 45069, for defendant-appellant


**HENDON, P.J.**

{¶1} Defendant-appellant, Dustin Parrett (Father), appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, modifying his child support obligation and awarding plaintiff-appellee, Cassandra Hendrickson (Mother), the right to claim their child as a dependent for income tax purposes.

{¶2} Father and Mother were in a relationship, but never married. Their relationship

ended approximately two months after Mother became pregnant with their child. The child was born on March 8, 2012.

{¶3} In September 2012, the Butler County Child Support Enforcement Agency (CSEA) issued an administrative order requiring Father to pay monthly child support to Mother, effective September 14, 2012.

{¶4} In October 2012, Mother filed a complaint in the Butler County Court of Common Pleas, Juvenile Division, requesting a review of the CSEA order.

{¶5} On July 15, 2013, a magistrate modified the child support order and made its effective date retroactive to March 8, 2012, the date that the child was born. In her decision, the magistrate stated, "As this action was initiated within a reasonable amount of time, the court finds that father's obligation of support should begin on the date of the child's birth."

{¶6} Both parties filed timely general objections to the magistrate's decision, reserving their rights to further supplement their objections upon the preparation of a transcript of the proceedings. Mother later supplemented her objection with specificity. Father did not.

{¶7} On October 15, 2013, the trial court held a hearing on the objections. The court took the matter under advisement, and allowed Father until November 1, 2013, to supplement his objection. Father did not do so.

{¶8} On December 11, 2013, the trial court issued its decision adopting in part the magistrate's order, including the magistrate's order making the support order retroactive to the child's birth date. In addition, the court awarded Mother, as the residential parent, the tax deduction for the child.

{¶9} Father now appeals, putting forth two assignments of error.

{¶10} Assignment of Error No. 1:

{¶11} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY MAKING THE PARTIES['] CHILD SUPPORT ORDER RETROACTIVE TO THE CHILD'S DATE OF BIRTH WHERE MOTHER'S CONDUCT PREVENTED FATHER FROM SEEING THE CHILD.

{¶12} Father argues that the trial court should not have made the support order retroactive because he had had to initiate legal proceedings to determine his parentage and to establish his visitation rights. Before we address his argument, we must first determine whether he has waived it.

{¶13} Juv.R. 40(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or conclusion of law * * * unless the party has objected to that finding or conclusion under Juv.R. 40(D)(3)(b)." As this court has held, "This waiver under the rule embodies the long-recognized principle that the failure to draw the trial court's attention to possible error when the error could have been corrected results in a waiver of the issue for purposes of appeal." *In re K.P.R.*, 197 Ohio App.3d 193, 2011-Ohio-6114, 966 N.E.2d 952, ¶ 9 (12th Dist.).

{¶14} A party's objection to a magistrate's decision must be "specific and state with particularity all grounds for objection." Juv.R. 40(D)(3)(b)(ii). Failing to file specific objections is tantamount to failing to file any objections. *See In re D.R.*, 12th Dist. Butler No. CA2009-01-018, 2009-Ohio-2805, ¶ 29; *In re K.B.*, 12th Dist. Butler No. CA2012-03-063, 2013-Ohio-858, ¶ 14.

{¶15} In this case, Father filed a timely but general objection that stated simply that he "objects to the July 15, 2013 decision/order of the Magistrate," and that he "reserves the right to further supplement his objection at a later date." Despite being given an opportunity by the trial court to file a more specific objection, Father did not do so. His failure to object with any specificity to the magistrate's decision precluded Father from raising on appeal the issue of the effective date of the support order. Consequently, the first assignment of error is overruled.

{¶16} Assignment of Error No. 2:

{¶17} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY GIVING APPELLEE THE TAX EXEMPTION FOR THE PARTIES' MINOR CHILD ON A YEARLY BASIS, AS IT IS NOT IN THE BEST INTEREST OF THE CHILD.

{¶18} Father argues that the trial court abused its discretion by awarding the tax

deduction for the child to Mother. He contends that he should have been granted the deduction because he "has a substantial amount of time with the child and clearly would receive more of a tax benefit. He is also in compliance with all child support orders."

{¶19} An appellate court reviews a trial court's decision allocating tax exemptions for dependent children under an abuse-of-discretion standard. *Rainey v. Rainey*, 12th Dist. Clermont No. CA2012-10-083, 2011-Ohio-4343, ¶ 38. "However, this discretion is both guided and limited by the statutory requirements of R.C. 3119.82." *Pahls v. Pahls*, 12th Dist. Butler No. CA2009-01-005, 2009-Ohio-6923, ¶ 21.

{¶20} When a court issues or modifies a child support order, it must designate which parent may claim the child as a dependent for federal income tax purposes. R.C. 3119.82. If the parties agree on which parent should claim the child as a dependent, the court must designate that parent as the one who may claim the child. *Id.* There is a presumption in favor of awarding the tax deduction to the residential parent. *See Burns v. May*, 133 Ohio App.3d 351, 356, 728 N.E.2d 19 (12th Dist.1999); *see also* R.C. 3119.82. But the court may award it to the nonresidential parent upon its determination that it would be in the child's best interest and that the nonresidential parent's child support payments are substantially current for that tax year. R.C. 3119.82; *see Ornelas v. Ornelas*, 2012-Ohio-4106, 978 N.E.2d 946, ¶ 53 (12th Dist.). If there is a disagreement as to which parent should claim a child as a dependent, the nonresidential parent bears the burden to demonstrate that it would be in the child's best interest to make the award to the nonresidential parent. *Ornelas* at ¶ 53, citing *Meassick v. Meassick*, 171 Ohio App.3d 492, 2006-Ohio-6245, ¶ 15 (7th Dist.); *see Boyer v. Hacker*, 12th Dist. Brown No. CA2013-08-009, 2014-Ohio-760, ¶ 10.

{¶21} In this case, the trial court noted that no evidence was presented with respect to the tax deduction at the CSEA administrative hearing or at the hearing before the magistrate. Because Father failed to put forth any evidence to demonstrate that awarding him the tax deduction for the child would be in the best interest of the child, the trial court did not abuse its discretion in designating Mother as the parent entitled to claim the tax deduction for the child. The second assignment of error is overruled.

- 5 -

**{¶22}** Judgment affirmed.


FISCHER and DEWINE, JJ., concur.



Hendon, P.J., of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

Fischer, J., of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

DeWine, J., of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.