[Cite as *Warman v. Warman*, 2017-Ohio-7462.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| DAWN K. WARMAN, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-08-170 |
| | : | O P I N I O N |
| - vs - | | 9/5/2017 |
| | : | |
| GUY M. WARMAN, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2015-01-0063

Frank J. Schiavone IV, 6 South Second Street, Suite 520, Hamilton, Ohio 45011, for plaintiff-appellee

Mark Conese, 633 High Street, Suite 102, Street, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Appellant, Guy Warman ("Father"), appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, following his divorce from appellee, Dawn Warman ("Mother"). For the reasons detailed below, we affirm.

{¶ 2} Father and Mother were married on September 13, 2000 and had one child born on October 29, 2003. Mother filed a complaint for divorce on January 29, 2015. Father

answered Mother's complaint and filed a counterclaim for divorce on March 17, 2015.

{¶ 3} The matter was tried to the court where the parties introduced testimony with respect to parenting arrangements and allocation of marital property and debts. The evidence showed that the parties had substantial credit card debt that needed to be allocated. It is undisputed that Father was the primary source of income for the family. Father had an approximate annual income of $130,000, while Mother worked part-time earning an approximate annual income of $17,000.

{¶ 4} Following the hearing, the trial court named Mother sole residential parent of their daughter, ordered child support and spousal support in favor of Mother, and allocated the parties' property and debt. The trial court divided the marital debts between Mother and Father, but also found Father responsible for a large portion of credit card debt that was found to be Father's separate debt. Father now appeals the decision of the trial court, raising three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN ORDERING THAT APPELLANT ONLY RECEIVE DR610 PARENTING TIME.

{¶ 7} In his first assignment of error, Father alleges the trial court erred in its decision allocating parenting time. As noted above, Father argues the trial court should not have allocated parenting time pursuant to the Butler County Standard Parenting Time order DR610. Father argues that he has a good relationship with his daughter and should be allowed additional parenting time beyond what is provided in the standard parenting schedule. We find no merit to Father's argument.

{¶ 8} A juvenile court is vested with broad discretion in determining the visitation rights of a nonresidential parent, and its decision will not be reversed absent an abuse of discretion. *Gray v. King*, 12th Dist. Clermont No. CA2013-01-006, 2013-Ohio-3085, ¶ 12. In

making this determination, the juvenile court's primary concern is the best interest of the child. *Carr v. Carr*, 12th Dist. Warren Nos. CA2015-02-015 and CA2015-03-020, 2016-Ohio-6986, ¶ 47

{¶ 9} In establishing a specific parenting-time schedule, a trial court is required to consider the factors set forth in R.C. 3109.051(D). *Bristow v. Bristow*, 12th Dist. Butler No. CA2009-05-139, 2010-Ohio-3469, ¶ 16. The factors include, but are not limited to, (1) the child's interaction and interrelationship with his or her parents, (2) the geographical location and distance between the parents' respective homes, (3) the child and parents' available time, including each parent's employment schedule, (4) the age of the child, (5) the child's adjustment to his or her home, (6) the health and safety of the child, (7) the mental and physical health of all the parties, (8) the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights, and (9) "any other factor in the best interest of the child." R.C. 3109.051(D).

{¶ 10} Based on our review, we find the trial court did not abuse its discretion in its order regarding parenting time. In the present case, the trial court heard testimony from the child's counselor that the child had vocalized her desire to live with Mother and visit with her Father. Though Father argues that he should be entitled to more than the standard parenting schedule, he fails to set forth any articulable argument as to why his daughter's best interests are served by an alternative arrangement.

{¶ 11} To be clear, the testimony reflects that both Father and Mother are good parents and their daughter is bonded with both parents. There is no indication from the record that the trial court intended to punish Father or provide him with limited visitation with his daughter. Simply, the record reflects that the trial court found it in the best interest of the child to name Mother residential parent and provide Father with standard visitation. Accordingly, we find the trial court did not abuse its discretion in ordering standard visitation.

Father's first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE COURT ERRED IN ORDERING APPELLANT TO PAY ALL OF THE MARITAL DEBT.

{¶ 14} In his second assignment of error, Father argues the trial court erred by ordering him to pay all marital debt. Father's argument is without merit.

{¶ 15} Property division in a divorce proceeding is a two-step process that is subject to two different standards of review. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 11. Initially, pursuant to R.C. 3105.171(B), "the court shall * * * determine what constitutes marital property and what constitutes separate property." "Although the statute does not mention debt as an element of marital and separate property, the rules concerning marital assets have been consistently applied to marital and separate debt." *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 35. An appellate court reviews the trial court's classification of property or debt as marital or separate under the manifest weight of the evidence standard. *Oliver v. Oliver*, 12th Dist. Butler No. CA2011-01-004, 2011-Ohio-6345, ¶ 8.

{¶ 16} After classifying the property as separate or marital, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally. R.C. 3105.171(C)(1) and (D). However, if the court finds an equal division would be inequitable, then the court must divide the property in a manner it determines is equitable. R.C. 3105.171(C)(1); *Roberts v. Roberts*, 12th Dist. Clinton Nos. CA2012-07-015 and CA2012-07-016, 2013-Ohio-1733, ¶ 34. As mentioned above, the concepts related to "property" relate to both the parties' assets and debts. *Ohmer* at ¶ 35. The trial court is given broad discretion in fashioning a property or debt division and will not be reversed absent an abuse of discretion. *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 54. To find

abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} We find the trial court did not err in its decision allocating marital debt. Though Father acknowledges that he has a significantly higher income than Mother, he argues that the debt should be "divided more evenly" or the trial court "should have split the marital debt evenly."

{¶ 18} Father's argument, however, ignores the fact that the trial court did not order Father to pay all the marital debt. In its decision, the trial court listed several credit accounts that the trial court determined were either marital or separate. The trial court found five accounts to be marital and made Mother responsible for the payment of those accounts. The trial court then characterized three other accounts as marital and made Father responsible for the payment of those accounts. Finally, the trial court addressed five other accounts, but determined that those accounts were Father's separate debts and made Father solely responsible for those debts. Therefore, Father's argument that the trial court ordered him responsible for "all marital debt" is simply incorrect.

{¶ 19} In his brief, despite arguing that he was responsible for "all marital debt," Father references the figure $77,588, which would correspond roughly to the amount of debt associated with the five accounts that the trial court found were separate, non-marital debts. However, Father fails to elaborate, discuss, or even argue that the trial court's classification of those accounts as separate debt was against the manifest weight of the evidence. "The burden of affirmatively demonstrating error on appeal and substantiating one's arguments in support thereof is on the appellant." *Eagle's View Professional Park Condominium Unit Owners Assn., Inc. v. EVPP, L.L.C.*, 12th Dist. Butler No. CA2014-06-134, 2015-Ohio-1929 at ¶ 21, citing *Rathert v. Kempker*, 12th Dist. Clermont No. CA2010-06-043, 2011-Ohio-1873,

¶ 12. *See also* App.R. 16(A)(7). It is not this court's duty to "root out" or develop an argument that can support an assigned error. *Id.* Accordingly, we find the trial court's classification of the accounts as separate debts was not against the manifest weight of the evidence.

{¶ 20} Instead, Father only argues that the "marital debt" should have been divided evenly. Father's argument, however, is without merit. "The trial court is given broad discretion in determining what constitutes an equitable division of property and [its holding] will not be reversed absent an abuse of that discretion." *Williams*, 2013-Ohio-3318 at ¶ 54. The evidence showed that the parties had incurred significant credit card debt and Father had even cashed in his daughter's 529 college savings plan to maintain their lifestyle. The trial court was permitted to consider a number of factors when allocating marital debt, including the disparity in incomes and the amount of money required to service the debt. Again, there is no dispute that Father makes a significant amount more in income. In its decision, the trial court allocated marital debts between both Mother and Father. Upon review of the record, we find the trial court did not abuse its discretion in the allocation of debt between the parties. As a result, we find Father's second assignment of error is without merit.

{¶ 21} Assignment of Error No. 3:

{¶ 22} THE COURT ERRED IN AWARDING APPELLEE THE DEPENDENCY TAX EXEMPTION FOR THE MINOR CHILD.

{¶ 23} In his third assignment of error, Father argues the trial court erred by awarding Mother the tax exemptions for their minor daughter. We disagree.

{¶ 24} The Internal Revenue Code creates a presumption in favor of awarding the tax exemption to the residential parent. *Hilbert v. Hilbert*, 12th Dist. Butler Nos. CA2015-10-182 and CA2015-11-185, 2016-Ohio-8099, ¶ 39. However, "a court may grant the non-residential

parent the tax exemption for federal income purposes, if the court determines that this furthers the best interest of the children and the payments for child support are substantially current as ordered by the court for the year in which the child will be claimed as a dependent." *Ornelas v. Ornelas*, 12th Dist. Warren No. CA2011-08-094, 2012-Ohio-4106, ¶ 53.

{¶ 25} When parties dispute the award of a tax exemption, "the burden is on the nonresidential parent to produce competent and credible evidence to show that allocating the dependency exemption to the nonresidential parent would be in the best interests of the child." *Boyer v. Hacker*, 12th Dist. Brown No. CA2013-08-009, 2014-Ohio-760, ¶ 10. In making such a determination, the court shall consider the following factors: (1) any net tax savings, (2) the relative financial circumstances and needs of the parents and child, (3) the amount of time the child spends with each parent, (4) the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and (5) any other relevant factor concerning the best interest of the child. *In re A.E.G-D.*, 12th Dist. Clermont No. CA2011-04-031, 2012-Ohio-547, ¶ 7.

{¶ 26} Upon review of the record, we find Father did not present any evidence to show that awarding him the dependency exemption would be in the best interest of his daughter. While it may be true that Father earns more income than Mother and may experience greater tax savings, this alone falls short of his burden of proof as the nonresidential parent. Here, Father failed to present any evidence that awarding him the dependency exemption would be in the best interest of his daughter. Therefore, we find the trial court did not err by awarding Mother the dependency objection. Father's third assignment of error is overruled.

{¶ 27} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.