[Cite as *Baker v. Deatrick*, 2024-Ohio-3058.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

BRENNA M. BAKER

        CASE NO. 11-23-08

    PLAINTIFF-APPELLANT,

  v.

ANDREW G. DEATRICK,        O P I N I O N

    DEFENDANT-APPELLEE.

---

Appeal from Paulding County Common Pleas Court
Juvenile Division
Trial Court No. 20234005

**Judgment Affirmed**

Date of Decision:  August 12, 2024

---

**APPEARANCES:**

    *Shane M. Lee* **for Appellant**

    *Danny A. Hill, II* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Brenna M. Baker ("mother"), appeals the November 21, 2023 judgment of the Paulding County Court of Common Pleas, Juvenile Division, ordering mother and defendant-appellee, Andrew G. Deatrick ("father"), to alternate claiming the child on their respective income tax returns for purposes of the child tax credit. For the reasons that follow, we affirm.

{¶2} On January 20, 2023, the trial court received and registered an administrative order from the Paulding County Child Support Enforcement Agency directing father to pay child support and both parties to obtain health insurance for the child.

{¶3} On October 24, 2023, the parties entered into a shared-parenting plan by consent entry. Under the shared-parenting plan, the parties agreed that mother would be the residential parent and legal custodian of the child and father's parenting time would be every other weekend and holidays. The parties, however, did not agree on which parent would claim the child for income tax purposes.

{¶4} A hearing took place on November 7, 2023. At the hearing, the parties stipulated that mother would claim the child every year for the earned income credit because the child resides with mother more than half of the time. The parties also stipulated that mother would claim the standard deduction for head of household

every year. The sole issue for the trial court to decide was which parent would claim the child for purposes of the child tax credit.

{¶5} Following the hearing, the trial court concluded that it is in the best interest of the child to allocate the benefit of the child tax credit between mother and father. Specifically, the trial court determined that mother will claim the child every odd year, beginning in 2023, and father will claim the child every even year as long as father is substantially current in his child support payments for such year.

{¶6} Mother filed her notice of appeal on December 21, 2023. She raises two assignments of error for our review. For ease of discussion, we will address her assignments of error together.

## First Assignment of Error

**The Trial Court Abused Its Discretion When It Decided That Mother And Father Should Alternate Claiming The Minor Child For The Child Tax Credit.**

## Second Assignment of Error

**The Trial Court's Ruling Was Against The Manifest Weight Of The Evidence When It Decided That Mother And Father Should Alternate Claiming The Minor Child For The Child Tax Credit.**

{¶7} In her assignments of error, mother challenges the trial court's decision to allocate the benefit of the child tax credit between mother and father. Specifically, in her first assignment of error, mother argues that "the trial court's decision was unreasonable and arbitrary because [f]ather failed to provide the court with sufficient evidence that alternating the child tax credit was in the best interest

of the child." (Appellant's Reply Brief at 1). In her second assignment of error, mother argues that the trial court's decision is against the manifest weight of the evidence because it is not supported by competent, credible evidence. Consequently, mother requests that the trial court's decision be reversed and that she be awarded the child tax credit every year.

*Standard of Review*

**{¶8}** "[T]he allocation of tax exemptions is a matter resting within the sound discretion of the trial court and, therefore, will not be overruled absent an abuse of discretion." *Boose v. Lodge*, 3d Dist. Hardin No. 6-03-04, 2003-Ohio-4257, ¶ 4. "This discretion is both guided and limited by R.C. 3119.82." *Miller v. Dendinger*, 3d Dist. Seneca No. 13-20-13, 2021-Ohio-546, ¶ 54. "A court abuses its discretion when its decision results from an attitude that is unreasonable, arbitrary, or unconscionable." *State ex rel. Harris v. Bruns*, 173 Ohio St.3d 27, 2023-Ohio-2344, ¶ 21, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Furthermore, a trial court's decision concerning parental rights and responsibilities will not be reversed on appeal as being against the manifest weight of the evidence as long as there is competent, credible evidence to support the decision. *Duer v. Moonshower*, 3d Dist. Van Wert No. 15-03-15, 2004-Ohio-4025, ¶ 15.

*Analysis*

**{¶9}** R.C. 3119.82 provides that, when a trial court issues, modifies, or otherwise reconsiders a child support order, the court must decide which parent will

claim the child as a dependent for federal income tax purposes. If the parties agree on which parent should claim the child as a dependent, then the court must designate that parent as the parent who may claim the child. If, however, the parties do not agree on which parent should claim the child, the court may award the tax exemption to the nonresidential parent "only if the court determines that this furthers the best interest of the [child]" and the child support payments are substantially current. R.C. 3119.82.

{¶10} In determining the best interest of the child, R.C. 3119.82 mandates that the court "shall" consider a number of factors including (1) any net tax savings, (2) the relative financial circumstances and needs of the parents and child, (3) the amount of time the child spends with each parent, (4) the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and (5) any other relevant factor concerning the best interest of the child. *See Miller*, 2021-Ohio-546, at ¶ 56 (noting that R.C. 3119.82 establishes a presumption in favor of awarding the tax exemption to the residential parent, but the tax exemption may be awarded to the nonresidential parent where it furthers the best interest of the child).

{¶11} In addition, if the parties disagree as to which parent should claim the child as a dependent, "'the burden is on the nonresidential parent to produce competent and credible evidence to show that allocating the dependency exemption to the nonresidential parent would be in the best interests of the child.'" *Burns v.*

*Burns*, 12th Dist. Warren No. CA2011-05-050, 2012-Ohio-2850, ¶ 27, quoting *Meassick v. Meassick*, 171 Ohio App.3d 492, 2006-Ohio-6245, ¶ 15 (7th Dist.).

**{¶12}** Here, mother argues the trial court abused its discretion by ordering the parties to alternate claiming the child for purposes of the child tax credit because it does not further the best interest of the child since she "provides for the care and support of the parties' child the entire year" and "any tax benefit should remain in the home where the child resides." (Appellant's Brief at 10). Mother further argues that, "besides paying child support and having weekend parenting time with his two other children, there is no competent, credible evidence in the record that would carry [f]ather's burden to establish that it is in the child's best interest that [f]ather be granted the tax credit." (*Id.* at 9).

**{¶13}** In this case, since the parties did not agree on which parent should claim the child for purposes of the child tax credit, an evidentiary hearing took place wherein the parties presented evidence in the form of testimony and exhibits. Thereafter, the trial court considered the factors set forth in R.C. 3119.82 and determined that it would be in the best interest of the child for mother and father to alternate claiming the child for purposes of the child tax credit. First, the trial court considered the net tax savings and found that the savings would be the same for both parents because the child tax credit is currently set at $2,000.

**{¶14}** Second, the trial court considered the relative financial circumstances and needs of the parents and the child. Father testified at the hearing to his current

income and a copy of his 2022 federal income tax return was admitted into evidence. Father further testified to his child support obligations and the trial court took judicial notice of the prior support calculations in the record. The trial court noted that father pays child support for two other children, and that father provides health insurance for the child through his employer at no additional cost to the parties.

{¶15} Third, the trial court considered the amount of time the child spends with each parent. The trial court noted that the parties previously agreed to a division of parenting time wherein the child is predominantly with mother. Father testified to the amount of time he spends with the child. In particular, Father testified that, if he could claim the child for the child tax credit, he would "have more money available to spend" and "[d]o more things with the child" when the child visits his household. (Nov. 7, 2023 Tr. at 12). *See Foster v. Foster*, 6th Dist. Sandusky No. S-03-037, 2004-Ohio-3905, ¶ 24 (noting that the evidence supported awarding the tax exemption to the nonresidential parent as being in the best interest of the child because the nonresidential parent would have more money to do activities with the child during visits).

{¶16} Finally, the trial court considered the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit. The trial court noted that the parties agreed that mother would claim the child every year for the earned income credit. Moreover, the trial court noted that mother would claim the standard deduction for head of household every year.

{¶17} After reviewing the record, we conclude that the trial court did not abuse its discretion by ordering the parties to alternate claiming the child on their respective income tax returns for purposes of the child tax credit. The trial court considered the factors set forth in R.C. 3119.82 and determined that it is in the best interest of the child to allocate the benefit of the child tax credit between mother and father, with mother receiving the child tax credit every odd year and father every even year so long as his child support payments are current. *See Miller*, 2021-Ohio-546, at ¶ 57. As noted above, the trial court's decision is supported by competent and credible evidence. *See Duer*, 2004-Ohio-4025, at ¶ 15.

{¶18} Mother's first and second assignments of error are overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/hls**