[Cite as *Smith v. Smith*, 2018-Ohio-3387.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deborah J. Smith, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-486 |
| v. | : | (C.P.C. No. 15DR-3415) |
| Jackie M. Smith, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 23, 2018

**On brief:** *Jonathan W. Klein,* for appellant. **Argued:** *Jonathan W. Klein.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Defendant-appellant, Jackie M. Smith, Jr., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting the parties a divorce and settling all issues that had not been previously settled by stipulation. For the following reasons, we affirm in part, reverse in part, and remand the matter to the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties were married on March 9, 1996, and two children were adopted as issue of the marriage. On September 11, 2015, appellee, Deborah J. Smith, filed a complaint for divorce from appellant. On October 15, 2015, appellee filed a relocation notice that she moved to Erie, Pennsylvania. On October 27, 2015, appellant filed an answer and counterclaim for divorce. On February 8, 2016, a magistrate issued temporary orders. On the same day, appellant filed a motion to modify temporary orders pursuant to

Civ.R. 75(N). On April 29, 2016, the magistrate issued an order modifying the temporary orders. On June 29, 2016, appellee filed a motion to modify the temporary orders issued on April 29, 2016. On August 2, 2016, appellee filed an amended motion to modify the temporary orders seeking to modify the orders issued on February 8 and the orders on April 29, 2016.

{¶ 3} The parties entered into an agreed interim magistrate's order settling child support, health insurance, and cash medical support. On June 6, 2017, the trial court held a hearing on issues that the parties had not settled. On June 7, 2017, the parties submitted their shared parenting plan for the children and stipulations. On June 19, 2017, the trial court issued a decision and judgment entry decree of divorce. On July 7, 2017, appellant filed a notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 4} Appellant filed a timely notice of appeal and raised the following assignments of error for our review:

> I. THE TRIAL COURT ERRED IN GRANTING APPELLEE TO CLAIM ONE OF THE CHILDREN FOR THE TAX DEPENDENCY EXEMPTION.
>
> II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN BASING ITS SPOUSAL SUPPORT ORDER ON SPECULATION, RATHER THAN UPON THE NEEDS OF THE APPELLEE, THE APPELLANT'S ABILITY TO PAY AND/OR ANY OF THE REQUIRED STATUTORY FACTORS, INCLUDING APPELLEE'S EARNING CAPACITY.
>
> III. THE TRIAL COURT REASONS FOR AWARDING ATTORNEY FEES ARE NOT SUSTAINED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

## III. STANDARD OF REVIEW

{¶ 5} The standard of review for appellate courts in domestic relations cases is whether the trial court abused its discretion. *Scinto v. Scinto*, 10th Dist. No. 09AP-5, 2010-Ohio-1377, ¶ 4, citing *Booth v. Booth*, 44 Ohio St.3d 142 (1989). An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. DISCUSSION

{¶ 6} In his first assignment of error, appellant contends that the trial court erred in allocating the federal tax dependency exemptions one to each parent. He argues that the trial court should have allocated both to him.

{¶ 7} When a trial court issues a child support order, pursuant to R.C. 3319.82, it must designate which parent may claim the child who is the subject of the support order as a dependent for federal income tax purposes. "Under federal tax law, a custodial parent generally may claim the dependency exemption." *Serra v. Serra*, 10th Dist. No. 15AP-528, 2016-Ohio-950, ¶ 35, citing 26 U.S.C. 152(c)(1). However, a trial court has discretion to allocate the tax dependency exemption to a non-custodial parent. *Id*. "A trial court enjoys broad discretion when allocating tax dependency exemptions, and absent a showing of an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court." *Geschke v. Geschke*, 9th Dist. No. 32660M, 2002-Ohio-5426, ¶ 32, citing *Morgan v. Morgan*, 9th Dist. No. 01CA0017 (Oct. 24, 2001).

{¶ 8} R.C. 3119.82 provides, in relevant part, as follows:

> Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended. * * * If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶ 9}   Thus, the trial court may award the nonresidential parent the dependency exemption if it determines that this furthers the best interest of the child and the payments for child support are substantially current.  The trial court is to consider other factors when making its determination such as any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶ 10} In this case, the trial court awarded each parent a dependency exemption. Appellant argues that the trial court did not provide a sufficient basis for its decision or consider the factors.  We agree.  The trial court stated in its analysis that it recognized that "Plaintiff's Exhibit 24, FinPlan calculations, is not entirely insightful as it does not factor in the payment of spousal support as ordered in this case.  Without further information the Court can only speculate as to the tax ramifications to each party in claiming a child or both children.  However, utilizing as guidance Exhibit 24 and reviewing the overall financial equities, the Court finds that splitting the two tax dependency exemptions would be most appropriate."  (June 19, 2017 Decision at 15.)

{¶ 11} The trial court decision fails to reflect that the trial court properly considered the applicable factors and whether allowing appellee to claim one child for the federal tax exemption is in the best interest of the children.  Further, the trial court stated that it was speculating regarding the tax ramifications.  The nonresidential parent has the burden to demonstrate that allocating the dependency exemption to the nonresidential parent is in the best interests of the children.  *Serra* at ¶ 37, quoting *Meassick v. Meassick*, 171 Ohio App.3d 492, 2006-Ohio-6245, ¶ 15 (7th Dist.).  A trial court abuses its discretion when it fails to provide any reasoning to support its decision to award the federal dependent child exemption.  *Lopez v. Lopez*, 10th Dist. No. 04AP-508, 2005-Ohio-1155, ¶ 53. Thus, the trial court erred in allocating the federal tax dependency exemptions one to each parent without considering the factors and determining the children's best interest. Appellant's first assignment of error is sustained.

{¶ 12} In his second assignment of error, appellant contends that the trial court erred in basing its spousal support order on speculation, rather than upon the needs of the parties, the appellant's ability to pay and/or any of the required statutory factors, including appellee's earning capacity.

{¶ 13} R.C. 3105.18(B) authorizes the trial court to award reasonable spousal support. When determining whether spousal support is appropriate and reasonable, the trial court must consider the factors set forth in R.C. 3105.18(C)(1). The 14 factors provided in R.C. 3105.18(C) include:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from the property divided, disbursed, or distributed under property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;
>
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g) The standard of living of the parties established during the marriage;
>
> (h) The relative extent of education of the parties;
>
> (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
>
> (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
>
> (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain

appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 14} It is not necessary that the trial court expressly comment on each factor, but it must indicate the basis for an award of spousal support in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law and there must be a clear indication that the factors were considered. *Hightower v. Hightower*, 10th Dist. No. 02AP-37, 2002-Ohio-5488, ¶ 24, citing *Casper v. DeFrancisco* 10th Dist. No. 01AP-604 (Feb. 19, 2002). The record need only show that the trial court considered the factors in making its award. *McClung v. McClung*, 10th Dist. No. 03AP-156, 2004-Ohio-240, ¶ 21, citing *Carman v. Carman*, 109 Ohio App.3d 698, 703 (12th Dist.1996). The trial court has broad discretion in determining what is equitable and whether or not to award spousal support given the facts and circumstances of the case and an appellate court will not disturb a spousal support award unless the trial court abused its discretion. *Leimbach v. Leimbach*, 10th Dist. No. 09AP-509, 2009-Ohio-6991, ¶ 20, citing *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67 (1990).

{¶ 15} The trial court made specific findings regarding the R.C. 3105.18(C) factors, as follows:

1. Plaintiff's present income if [sic] $25,720.00. Defendant's present income is $68,474.00.

2. Plaintiff's earning ability was previously established herein at $29,000.00

3. Plaintiff is 56 years of age; no evidence was presented as to any inability to work. Defendant is 45 years of age; no evidence was presented as to any disability.

4. Both parties have minimal retirement.

5. The parties' marriage was 21 years in duration, however, the Court notes that the parties have lived separate and apart for approximately the last 20 months.

6. The parties' standard of living while together was modest.

7. The parties have minimal assets and liabilities.

8. The Court will and has factored in the tax consequences of the payment of spousal support.

9. Other considerations by the Court were a recognition that the Defendant does receive $900.00 per month to assist with the children. While the Court does not find the stipend to be income for the purposes of a Child Support Guideline calculation, the Court does find it to benefit the Defendant by increasing his cash flow and assisting with the payment of the ongoing expenses of the residence. The Court further finds that the Defendant is presently utilizing the services of a nanny/child care provider and the Court does not make any determination as to whether or not there is a need for child care or the appropriate cost for the same, but merely recognizes this as an expense of the Defendant.

Additional factors within R.C. 3105.18(C)(1) were not specifically addressed by the parties.

(June 19, 2017 Decision at 17-18.)

{¶ 16} The trial court addressed each of the R.C. 3105.18(C)(1) factors on which evidence was presented and noted that the additional R.C. 3105.18(C)(1) factors were not specifically addressed by the parties. "When a trial court specifically indicates that it has reviewed the appropriate statutory factors, there is a strong presumption that the factors were indeed considered." *Huffman v. Huffman*, 10th Dist. No. 01AP-726, 2002-Ohio-2565, ¶ 35, citing *Babka v. Babka,* 83 Ohio App.3d 428, 435 (9th Dist.1992). Considering the broad discretion that the trial court has in determining what is equitable and whether or not to award spousal support, we cannot say that the trial court abused its discretion. Appellant's second assignment of error is overruled.

{¶ 17} By his third assignment of error, appellant contends that the trial court's award of attorney fees to appellee is against the manifest weight of the evidence. Appellant

argues that appellee did not offer an expert to testify concerning the necessity or reasonableness of the fees incurred. Further, appellee never presented any billing sheet from her first attorney demonstrating she paid $2,000. Appellant's final argument is that the trial court did not consider the relative liabilities of the appellant or make any findings in the record that appellant's conduct caused delay or frustrated the process.

{¶ 18} Appellant testified that she had paid her first attorney approximately $2,000 in attorney fees. (Tr. at 117.) She had accrued over $7,000 in attorney fees before the hearing. (Tr. at 117.) She still owed $3,607.50 as of June 1, 2017. (Ex. No. 31.) She submitted all the invoices from her current attorney. (*See* Ex. No. 31.) The trial court ordered appellant to pay $2,000 to appellee for expense money. The trial court stated, as follows at page 23-24 of its decision:

> 4. Plaintiff believes that her expense[s] are extraordinarily high due to Defendant's failure to cooperate and causing this case to continue on.
>
> * * *
>
> The Court having reviewed the Court file, as well as the timesheets of Plaintiff's Counsel, finds that Plaintiff's Counsel's services were reasonable and necessary in order to promote her position. The Court further finds that the Plaintiff has operated at a financial disadvantage throughout the pendency of this cause of action and has a greater inability to fund her case.
>
> The Court does find that the Defendant inappropriately caused this cause of action to be delayed, however, the Court believes that equity would be served by issuing an Order for expense money.

{¶ 19} Initially, we note that appellant stipulated that appellee's attorney fees are reasonable in amount. (June 7, 2017 Stipulation at ¶ 10.) Further, it is within the trial court's discretion to award attorney fees if the court finds the award equitable. R.C. 3105.73; *Swanson v. Swanson*, 48 Ohio App.2d 85 (8th Dist.1976). In order to determine whether an award is equitable, the trial court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors. R.C. 3105.73(A).

{¶ 20} Appellee did not need an expert to testify concerning the reasonableness of the fees incurred because appellant stipulated to their reasonableness. Moreover, appellee testified that she had paid approximately $2,000 to her first attorney. (Tr. at 117.) At the time of the hearing, appellee owed more to her current attorney than the trial court awarded.

{¶ 21} " 'A trial court is able to evaluate, in a large measure, the work performed by an attorney in a domestic relations case by merely looking at the record before the court.' " *Tonti v. Tonti*, 10th Dist. No. 03AP-494, 2004-Ohio-2529, quoting *Ward v. Ward*, 10th Dist. No. 85AP-61 (June 18, 1985). Furthermore, "a trial court in such circumstances can use its own knowledge and experience in determining the necessity and reasonableness of attorney fees." *Id.*

{¶ 22} Appellee testified that she believed ordering appellant to pay some of her attorney fees was equitable because of the delays and lack of cooperation and agreement. (Tr. at 118.) Despite appellant's argument that it did not do so, the trial court stated that it considered the entire file, conducted a hearing, reviewed the attorney timesheets, and made findings that the attorney's services were reasonable and necessary, that appellee operated at a financial disadvantage during the pendency of the case, and had a greater inability to fund her case and that appellant inappropriately caused delay. The trial court did not abuse its discretion in awarding $2,000 in attorney fees to appellee and the award of attorney fees to appellee is not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.

## V. CONCLUSION

{¶ 23} For the foregoing reasons, appellant's first assignment of error is sustained, the second and third assignments of error are overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part, and this cause is remanded to the trial court to consider the R.C. 3119.82 factors and to make the appropriate findings.

*Judgment affirmed in part, reversed in part; cause remanded.*

BROWN, P.J. and KLATT, J., concur.

_____