[Cite as *Mahdi v. Alsalmani*, 2023-Ohio-2630.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| MARWAH MAHDI, | : | |
| Appellant | : | CASE NO. CA2022-10-100 |
| | : | O P I N I O N |
| - vs - | | 7/31/2023 |
| | : | |
| MAHMOOD ALSALMANI, | : | |
| Appellee. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR21030245

Nadeem Quraishi, for appellant.

Mahmood Alsalmani, pro se.

**HENDRICKSON, J.**

{¶1} Appellant, Marwah Mahdi ("Mother"), appeals from a final decree of divorce rendered in the Butler County Court of Common Pleas, Domestic Relations Division, which awarded appellee, Mahmood Alsalmani ("Father"), the right to claim one of the parties' children as a dependent for income tax purposes. For the reasons discussed below, we reverse the trial court's decision and remand for further proceedings.

{¶2} Mother and Father were married in August 2007 in Baghdad, Iraq. Two children were born issue of their marriage: Ma.A., born in 2009, and Mi.A., born in 2013.

The parties separated in March 2015 and have lived apart since then, with Father residing in Michigan.

{¶3} Father has had limited contact with the children since he and Mother separated. In December 2015, Mother filed a complaint for support and health insurance in the Warren County Court of Common Pleas, Juvenile Division, Case No. 15-S000171. In April 2016, the Warren County Juvenile Court ordered Father to pay child support to Mother in the amount of $422.12 per month, which was comprised of a $344.47 support obligation, $68.97 in support arrearages, and an $8.28 processing charge. Father was also ordered to pay 45 percent of the children's uncovered medical expenses. Mother was awarded the right to claim both children for income tax purposes. In November 2019, the Warren County Juvenile Court issued an order terminating the arrearage portion of Father's monthly child support obligation after finding the arrearage had been paid in full.

{¶4} In April 2021, the Warren County Child Support Enforcement Agency filed a motion for contempt against Father in the Warren County Juvenile Case, asking the court to hold Father in contempt for failing to pay child support as ordered. Father failed to appear for proceedings and a capias was issued for his arrest in June 2021.

{¶5} On March 31, 2021, Mother filed a complaint for divorce in the Butler County Domestic Relations Court. In her complaint, Mother advised the domestic relations court of the Warren County Juvenile Court case and the existing orders on child support, health insurance, and tax exemptions. The Butler County Domestic Relations Court issued temporary orders designating Mother the residential parent of the parties' children and ordering the parties to continue to operate under the terms of the Warren County Juvenile Court order with respect to child support, health insurance, and tax exemptions. Eventually, in September 2021, the Warren County Juvenile Court proceedings were transferred to the Butler County Domestic Relations Court. At this time, the warrant for Father's arrest was

recalled.

{¶6} A final hearing on Mother's complaint for a divorce was scheduled for November 30, 2021. Prior to the hearing commencing, the parties were able to reach an agreement on all matters except for the allocation of the dependent child tax exemptions. The parties agreed on the division of real and personal property and of marital debts. They also agreed that Mother would be designated the residential parent of the children with Father being entitled to gradually increasing parenting time with the children until the beginning of the 2022-2023 school year, at which time he was granted parenting time every other weekend from Friday at 6 p.m. until Sunday at 6 p.m.[1] The parties further agreed that Father would continue to pay child support "in the amount of $344.87, plus the 2% processing fee of $6.90, for a total of $351.77, plus any arrearages," and agreed that Father would pay 55 percent of the children's uncovered or uninsured healthcare expenses.

{¶7} At the November 30, 2021 final hearing, Mother and Father were the only individuals to testify. Mother requested that the court follow the 2016 Warren County Juvenile Court order that originally allocated both of the dependent child income tax exemptions to her. She noted that she has been the primary caregiver for the children since the parties separated in 2015, that she provides "everything" for the children, and she is responsible for getting them to and from school, daycare, and doctors' appointments. Mother introduced into evidence an affidavit of her income and an affidavit of her expenses. From 2019 through 2021, Mother's income fluctuated between $21,000 and $24,000 per

---

1. Under the parties' agreement, in December 2021 and January and February 2022, Father was entitled to parenting time one weekend per month for four hours on Saturday and four hours on Sunday. In March and April 2022, Father was entitled to parenting time every other weekend for four hours on Saturday and four hours on Sunday. When the children's summer break commenced in 2022, Father was entitled to one overnight visit every other weekend, which was to be exercised in the Cincinnati area. Beginning the last weekend of summer break of 2022, Father was to continue to have parenting time every other weekend but the overnight visits could occur at his home in Michigan. Finally, beginning with the 2022-2023 school year, Father was entitled to parenting time every other weekend from Friday night at 6:00 p.m. to Sunday night at 6:00 p.m. Father was responsible for providing transportation at the beginning and end of his parenting time.

year. Her monthly expenses totaled $2,149, which included expenses that benefited the children, such as living and utility expenses, food expenses, travel expenses, and clothing expenses. Mother specifically testified her ability to claim both children as dependents for income tax purposes has helped her care for the children.

{¶8} Father acknowledged that the children have been living exclusively with Mother since March 2015, but he testified he has been "supporting and spending" money on the children as he has been making his monthly child support payments. Father was presented with a Warren County Child Support Enforcement Agency statement, dated September 1, 2021, which showed he was $2,642.29 "past due" in his child support obligation, as well as a more recent account statement from the Butler County Child Support Enforcement Agency, dated October 8, 2021, which showed Father was $2,912.49 in arrears on his child support obligation. Father testified he had tried to pay off his arrearage, but when he went to the enforcement agencies, he was told he had "zero charges."[2] Father

---

2. Mother's counsel represented that Father had tried to make a payment on his arrearage, but complications from the case being transferred from Warren County to Butler County prevented him from doing so prior to the hearing. Specifically, Mother's attorney advised the court as follows:

> [Mother's Counsel]: The Warren County case got transferred to Butler County, so they show a zero balance, and the Butler County case currently shows a zero balance, so there was some uh…it was a little bit unclear whether there was still—
>
> THE COURT: Arrearages, you mean?
>
> [Mother's Counsel]: I'm sorry?
>
> THE COURT: Are you talking arrearages?
>
> [Mother's Counsel]: Yes.
>
> THE COURT: When you say balance?
>
> [Mother's Counsel]: yes.
>
> THE COURT: Okay.
>
> [Mother's Counsel]: There was an arrearage of about $3,000 as of September 1st, but when the case got transferred, the Warren County Court

indicated he was willing to make a payment to bring himself current in his support obligation.

{¶9} Father did not introduce any evidence relating to his income, expenses, or overall financial circumstances. He merely indicated he felt it would be appropriate for he and Mother to each be given the right to claim a child as a dependent for income tax purposes.

{¶10} The trial court took the matter under advisement and, on January 31, 2022, rendered a decision on the allocation of the dependent child tax exemptions. Without referencing R.C. 3119.82, the factors set forth in that statute, or the best interest of the children, the court held that commencing with the 2021 tax year and continuing thereafter, Mother was to claim the parties' older child, Ma.A., as a dependent for income tax purposes while Father was to claim the parties' younger child, Mi.A., as a dependent for income tax purposes. The court ordered that "when only one dependent remains, then [Mother] shall claim the child as a dependent in odd years for all * * * income tax purposes and [Father]

---

transferred the case, along with the contempt, but both agencies are showing a zero balance, which indicated that maybe the arrearage has been paid. That is not the case.

THE COURT: I thought he was going to make a payment?

[Mother's Counsel]: He was, but when he went there, they are showing that there is no balance.

THE COURT: Oh.

[Mother's Counsel]: So, there was some – a little bit unclear whether it had been paid or…what we know now…it just hasn't, you know, caught up yet in Butler County.

* * *

THE COURT: So, there is an arrearage?

[Mother's Counsel]: There is an arrearage.

THE COURT: Okay.

The court granted a recess in proceedings and Mother obtained an account statement from the Butler County Child Support Enforcement Agency, dated October 8, 2021, that showed Father was $2,912.49 in arrears. This statement was admitted into evidence.

shall claim the child as a dependent in even years for all * * ** income tax purposes." The court's January 31, 2022 decision on the allocation of tax exemptions was incorporated into the parties' September 10, 2022 final decree of divorce.

{¶11} Mother timely appealed, raising the following as her sole assignment of error:

{¶12} IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ALLOCATE ONE OF THE TWO CHILD TAX EXEMPTIONS TO FATHER.

{¶13} Mother argues that the trial court abused its discretion in awarding Father the ability to claim one of the parties' children as a dependent for income tax purposes since Father failed to present any evidence demonstrating it was in the children's best interest for him to be allocated an exemption. Mother argues that given her status as the residential parent, her substantial expenses in caring for the children, Father's limited contact with the children over the years, and the fact that the parties had agreed that Father would pay child support at the amount determined by the Warren County Juvenile Court in 2016, she should have been afforded the right to claim both children as dependents for income tax purposes.

{¶14} Pursuant to R.C. 3119.82, whenever a trial court issues, modifies, reviews, or otherwise reconsiders a child support order, the court must designate which parent may claim the children who are the subject of the child support order as dependents for federal income tax purposes. *See Rainey v. Rainey*, 12th Dist. Clermont No. CA2010-10-083, 2011-Ohio-4343, ¶ 39; *In re A.E.G.-D.*, 12th Dist. Clermont No. CA2011-04-031, 2012-Ohio-547, ¶ 5. "The Internal Revenue Code creates a presumption in favor of the custodial parent in the allocation of the federal income tax dependency exemption." *Pahls v. Pahls*, 12th Dist. Butler No. CA2009-01-005, 2009-Ohio-6923, ¶ 22. *See also Serra v. Serra*, 10th Dist. Franklin No. 15AP-528, 2016-Ohio-950, ¶ 35, citing 26 U.S.C. 152(c)(1) ("Under federal tax law, a custodial parent generally may claim the dependency exemption"). However, a trial court has discretion to allocate the tax dependency exemption to a

noncustodial parent. *Id.* R.C. 3119.82 provides that

> [i]f the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes *only if* the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents.

(Emphasis added.)[3] In making its determination on which parent may claim the children as dependents in those cases where the parties do not agree, R.C. 3119.82 instructs the trial court to consider "any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children." The burden is on the nonresidential parent to demonstrate that allocating the dependency exemption to the nonresidential parent is in the best interest of the children. *Boyer v. Hacker*, 12th Dist. Brown No. CA2013-08-009, 2014-Ohio-760, ¶ 10; *Smith v. Smith*, 10th Dist. Franklin No. 17AP-486, 2018-Ohio-3387, ¶ 11.

**{¶15}** "An appellate court reviews a trial court's decision allocating tax exemptions for dependents under an abuse of discretion standard." *Rainey*, 2011-Ohio-4343 at ¶ 38. "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Boyer* at ¶ 8. "Such discretion, however, is both guided and limited by the statutory requirements of R.C. 3119.82." *Id.*

---

3. Neither R.C. 3119.82 nor any other section of the Revised Code defines "substantially current." However, both the parties' final decree of divorce and Butler County Domestic Relations Rule 49(C)(14) provide that "[a] child support obligor shall be substantially current in payment of child support if less than one hundred dollars ($100.00) arrears are owed for the tax year for which the child or children are to be claimed as dependent(s), on or before January 31st of the following year."

{¶16} Our review of the trial court's allocation of the dependent child tax exemptions is hindered by the trial court's failure to provide a sufficient basis for its decision. From the state of the record, we cannot determine what factors, if any, the court relied on in concluding that Father should receive a dependency exemption for Mi.A. Absent a determination that the exemption designation was in the best interest of the parties' children or an indication that the court considered the factors set forth in R.C. 3119.82, we conclude that the trial court's determination did not comport with the requirements of R.C. 3119.82. The trial court abused its discretion when it failed to include any reasoning process to support its decision. *See In re A.E.G.-D.* at ¶ 10; *Rainey* at ¶ 41; *Smith* at ¶ 11; *Lopez v. Lopez*, 10th Dist. Franklin No. 04AP-508, 2005-Ohio-1155, ¶ 53.

{¶17} The trial court further abused its discretion by failing to address Father's arrearage. Pursuant to R.C. 3119.82, Father, the noncustodial parent, could only be allocated a dependent tax exemption if it was in the children's best interest and he was "substantially current" in his support obligation. Some evidence was introduced that Father attempted to pay his $2,912.49 arrearage prior to the hearing, but was prevented from doing so due to mistakes made by the Warren County and Butler County Child Support Enforcement Agencies. Whether the trial court considered Father "substantially current" under such circumstances should be addressed by the trial court in its allocation of the dependency income tax exemptions.

{¶18} Mother's sole assignment of error is sustained. The trial court's decision on the allocation of the dependency income tax exemptions is reversed and the matter remanded for the trial court to comply with the requirements of R.C. 3119.82.

{¶19} Judgment reversed and remanded.

S. POWELL, P.J., and PIPER, J., concur.